Rowdy B. Meeks, Kansas Bar No.16068*
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com
*pro hac vice* motion forthcoming
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **KATHERINE KUZICH**, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>**PRIMARY RESIDENTIAL MORTGAGE, INC.**<br><br>Defendant. | No. CV-17-___-___-___<br><br><br>COLLECTIVE ACTION COMPLAINT |

Plaintiff Katherine Kuzich, on behalf of herself and all others similarly situated, by and through counsel, for her Complaint against Defendant Primary Residential Mortgage, Inc. ("PRMI" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Katherine Kuzich is a former Processor for PRMI. She processed mortgage loans other Loan Officer employees sold to individual consumers. PRMI treated her and other Processors as non-exempt employees, but PRMI failed to include non-discretionary file bonuses into Processors' regular rate of pay and thus did not pay them the legally mandated overtime rate for all hours worked over 40 per week.

1

2. PRMI markets itself as one of the leading mortgage companies in the United States. PRMI has offices throughout the United States, and is licensed in 49 states and Washington D.C. In 2016, PRMI funded nearly $6.3 billion in residential loans. https://www.primaryresidentialmortgage.com/about-us/newsroom/PRMI-Ranked-One-of-the-Nations-Top-Mortgage-Lenders.php.

3. This is a collective action brought by Individual and Representative Plaintiff Katherine Kuzich on her own behalf and on behalf of the proposed class. Plaintiff and the putative class members are or were employed by PRMI as "processors," "senior processors," and in similar job titles, and were denied overtime compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendant as "processors," "senior processors," or similar job titles (collectively as "Processors"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

5. During the Collective Period, Defendant failed to pay the appropriate overtime compensation to each member of the respective class as required by federal and state law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendant's failure to pay all wages due, pay appropriate overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

6. PRMI's policy and practice is to deny earned wages including overtime pay to its Processors. In particular, PRMI requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them the appropriate overtime compensation

for all hours worked.

7. PRMI pays Processors a bonus per loan file closed, but PRMI refuses to include this bonus in Processors' regular rate of pay for overtime calculation purposes.

8. PRMI's deliberate illegal treatment of its Processors which denies them overtime compensation results in PRMI violating the FLSA, and state wage and hour laws.

9. Plaintiff will add Rule 23 claims under state wage and hour laws as this case progresses.

## PARTIES

10. Plaintiff Kuzich currently resides in North Carolina. PRMI employed Plaintiff Kuzich as a Processor / Senior Processor from approximately April 2015 through September 2016 at Defendant's offices located in Scottsdale, Arizona. Plaintiff's consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

11. Defendant PRMI Home Loans, Inc. is a Nevada corporation with its principal office located at 1480 N. 2200 W., Salt Lake City, Utah 84116. PRMI conducts business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

*12.* This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

13. The United States District Court for the District of Arizona has personal jurisdiction because PRMI conducts business within this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Defendant has offices, conducts business, and can be found in the District of Arizona, and the causes of action set forth herein have arisen and occurred in part in the District of Arizona. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business

contacts within the state of Arizona.

## FACTUAL ALLEGATIONS

15. Defendant PRMI is a national residential mortgage company that originates and services home loans. PRMI is licensed in 49 states plus Washington DC. In 2016, PRMI funded nearly $6.3 billion in residential loans.

16. At all relevant times, Defendant has been an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

17. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

18. Defendant classified Plaintiff and other Processors as non-exempt employees entitled to minimum wage and overtime compensation.

19. Defendant paid Plaintiff and other Processors an hourly wage plus a bonus per loan file closed.

20. Defendant, however, did not include the bonus per file it paid Processors into their regular rate of pay for any overtime compensation Defendant paid Plaintiff and/or the other Processors.

21. Defendant uniformly applied its payment structure to all Processors.

22. Defendant suffered and permitted Plaintiff and other Processors to work more than forty hours per week without appropriate overtime compensation for all hours worked. For example, Plaintiff and other Processors regularly worked at least five days a week. They

usually began work in the early morning. In addition, Plaintiff and other Processors regularly worked into the evenings and/or on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

23. Plaintiff's schedule fluctuated from day-to-day while a Processor. However, she routinely worked overtime throughout her employment with Defendant.

24. For example, for the pay period of March 27, 2016 through April 9, 2016, Defendant paid Plaintiff for 28.88 hours of overtime compensation. However, Defendant did not include any file bonus into Plaintiff's regular rate of pay to calculate her overtime payment rate.

25. Defendant knew Plaintiff and other Processors worked more than forty hours in a week because Defendant expected Plaintiff and other Processors to be available to receive phone calls and answer emails – from customers and from Defendant's Loan Officers and management employees – in the evenings and/or on weekends, and Plaintiff and other Processors recorded overtime hours in Defendant's timekeeping system.

26. Defendant uniformly denied Plaintiff and other Processors all overtime pay to which they were entitled.

27. Defendant is in the business of selling mortgages.

28. Plaintiff and the other Processors had the same primary duty of assisting Defendant's Loan Officers and the borrowers in the processing and closing of mortgage loans sold by Defendant.

29. All Processors are similarly situated in that they share common job duties and descriptions, PRMI treated them as non-exempt employees at all relevant times, they were all subject to PRMI's policy and practice that failed to include the completed file

5

bonuses into the regular rate of pay for overtime calculation purposes, and thus they all performed work without payment for all overtime compensation.

30. Defendant did not keep accurate records of the overtime compensation Plaintiff and other Processors are legally entitled to be paid. Because Defendant did not pay Plaintiff and other Processors at the appropriate overtime rate, Defendant's wage statements did not accurately reflect all compensation Plaintiff and other Processors should have legally received.

31. Defendant did not provide Plaintiff and the other Processors with accurate paychecks.

32. Defendant did not pay Plaintiff and other Processors all of their overtime compensation. Accordingly, Defendant did not provide Plaintiff and other Processors with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

33. Defendant is aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not Processors.

34. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Processors.

## FLSA Collective

35. Plaintiff brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

All persons who are, have been, or will be employed by Defendant as "Processors" "Senior Processors," and other individuals with similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

36. Upon information and belief, Defendant paid Plaintiff and the FLSA Collective on a non-exempt hourly basis, and suffered and permitted them to work more than forty hours per

week without payment of the legally required overtime compensation for all hours worked over 40 per week.

37. Further, Defendant paid Plaintiff and the FLSA Collective a bonus for each closed file. Defendant, however, refused to include these bonuses in the regular rate of pay for overtime calculation purposes. As such, Defendant underpaid Plaintiff and the FLSA Collective for any overtime compensation Defendant actually paid them.

38. Defendant's failure to include the bonuses paid Plaintiff and the FLSA Collective per closed loan file is a uniform policy, decision, or plan that applies to all Processors.

39. Accordingly, Plaintiff and the FLSA Collective were subject to Defendant's policy, decision, and/or plan of failing to pay appropriate overtime compensation.

40. Defendant' unlawful FLSA conduct has been widespread, repeated, and consistent.

41. Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required minimum wage and/or overtime pay. Defendant required them to work long hours and/or weekends without the proper pay, Plaintiff and/or those similarly situated complained to Defendant about these practices, and it is common industry knowledge that Processors are non-exempt employees who must be paid for all hours worked. Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them at the appropriate regular rate of pay.

42. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

43. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There

are numerous similarly situated, current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT Overtime Claims

44. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

45. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than the applicable minimum wage for all hours worked.

46. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

47. The FLSA requires each covered employer such as Defendant to include all compensation paid to employees such as the file bonuses into the employees' regular rate of pay unless that compensation is specifically excluded. The FLSA does not exclude Defendant's file bonus payments.

48. Plaintiff and the FLSA Collective are entitled to be paid minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) per week.

49. Defendant, pursuant to its policies and practices, failed and refused to pay the legally required overtime premiums to Plaintiff and the FLSA Collective for all of their hours

worked and all hours worked over forty (40) per week.

50. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective by failing to include the file bonuses into Plaintiff's and the FLSA Collective's regular rate of pay.

51. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

53. Plaintiff, on behalf of herself and the FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendant is financially responsible for notifying the FLSA Collective of its alleged wage and hour violations;

C. Judgment against Defendant for an amount equal to Plaintiff and the FLSA Collective's unpaid overtime wages at the applicable rates;

D. A finding that Defendant' conduct was willful;

E. An equal amount to the overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such further relief as the Court deems just and equitable.

### Demand for Jury Trial

Plaintiff, individually and behalf of all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated:  August 30, 2017

Respectfully submitted,

/s/ Rowdy B. Meeks
Rowdy B. Meeks, Kansas Bar No.16068*
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com
*pro hac vice motion forthcoming
Attorneys for Plaintiff